CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANTHONY MADSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18cv00023 |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| UNITED STATES POST OFFICE, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Anthony Madsen, filed the instant complaint against the United States Post Office, seeking leave to proceed in forma pauperis. For the reasons set forth below, Madsen's application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Madsen's complaint consists of a one page letter dated January 22, 2018. ECF No. 2-1. The letter alleges that the United States Postal Service ("USPS") lost an insured package sent by Madsen via Global Expressed Guaranteed Service on August 5, 2016. The package included a pair of antique auto bumpers valued at $2,000.00. USPS reimbursed Madsen for the shipping costs, but has not reimbursed Madsen for the value of the antique auto bumpers. Madsen alleges to have repeatedly contacted USPS, whose operators have reported that "We're working on it." Madsen mailed a warning of imminent legal action to USPS on December 6, 2017 and has not received a response. In addition to the lost value of the antique auto bumpers, Madsen claims that his PayPal.com account has been closed as a

result of USPS's failure to resolve his claim. In his civil cover sheet, Madsen describes the nature of his suit as an insurance contract action and a tort action involving other personal property damage, and cites to 28 U.S.C. § 2680 for the cause of action. ECF No. 2-2. Madsen demands $2,000 in damages.

## II.

Madsen moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 1. The court will grant Madsen's motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Madsen's complaint fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune from such relief. Rule 8 of the Civil Rules of Civil Procedure requires a pleading that states a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Madsen's one page letter fails to allege how his grievance with USPS regarding a lost package entitles him to relief. By referencing 28 U.S.C. § 2680 in the civil cover sheet, the court construes Madsen's complaint as making a claim under the Federal Tort Claims Act

("FTCA"). ECF 2-1. However, Madsen does not make any allegations supporting an available form of relief under the FTCA.

The FTCA provides a limited waiver of the United States' sovereign immunity in litigation. See United States v. Orleans, 425 U.S. 807, 813 (1976). Claims exempted from the FTCA's waiver of sovereign immunity cannot be maintained against the United States. See Orleans, 425 U.S. at 814 ("Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions...to such waiver."); Hughes v. Sullivan, 514 F. Supp. 667, 668 (E.D. Va. 1980), aff'd sub nom. Hughes v. United States, 662 F.2d 219 (4th Cir. 1981) (explaining that the applicability of an exception under § 2680 is a threshold question that can be determined by the court as a matter of law). Section 2680(b) specifically lists "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" as an exception to the FTCA.

The United States, including USPS, has not waived sovereign immunity under the FTCA for the type of claim that Madsen brings in this action. See Dolan v. U.S. Postal Serv., 546 U.S. 481, 485 (2006) ("[T]he United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception [of the FTCA at § 2680(b)]."). As the United States has not waived sovereign immunity, no monetary relief is available to Madsen through the courts.[1] See Kokotis v. U.S. Postal Serv., 223 F.3d 275,

---

[1] Madsen may file an indemnity claim with USPS. If Madsen intended to raise a cause of action other than under the FTCA, relief remains unavailable because Madsen has not alleged exhaustion of administrative remedies. See, e.g., Ly v. U.S. Postal Serv., 775 F. Supp. 2d 9, 11-13 (D.D.C. 2011) (dismissing action seeking recovery for cell phones lost in international mail for failure to exhaust administrative remedies); Snow v. U.S. Postal Serv., 778 F. Supp. 2d 102, 107-09 (D. Me. 2011) (dismissing action involving candlesticks damaged in domestic mail for failure to exhaust); Schmidt v. U.S. Postal Serv., No. CIV.A. 02-857-A, 2002 WL 32595045, at *1 (E.D. Va. Aug. 2, 2002), aff'd, 56 F. App'x 173 (4th Cir. 2003) (dismissing for failure to exhaust administrative remedies).

278–79 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Madsen's complaint fails to state a legal claim upon which relief may be granted and the United States is immune from suit. Thus, his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.

Accordingly, plaintiff's application to proceed in forma pauperis will be **GRANTED** and this matter will be **DISMISSED** without prejudice and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: January 26, 2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge